J. OCHOA Y HERMANO *v.* SUCCESSION OF LANZA ET AL.

APPEAL from the District Court of Humacao.

MOTION for allowance of costs.

No. 585.—Decided June 7, 1911.

COSTS—CONSTRUCTION OF STATUTE—REPEAL OF SECTIONS 328 AND 330 OF CODE OF CIVIL PROCEDURE.—Sections 328 and 330 of the Code of Civil Procedure were repealed by the Act of March 12, 1908, to amend sections 327 and 339 of the Code of Civil Procedure.

ID.—DISCRETION OF TRIAL COURT—DEGREE OF BLAME OF DEFEATED PARTY.— In accordance with the provisions of section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, when the defendant has appeared, the allowance of attorney's fees and costs in actions and proceedings where the subject matter exceeds $500 is discretional with the trial judge, who must take into consideration the degree of blame, if any, of the party against whom judgment is rendered.

ID.—DISCRETIONAL POWER OF SUPREME COURT.—In accordance with the provisions of section 306 of the Code of Civil Procedure, as amended by the Act of March 8, 1906, except in the cases expressly mentioned in said section, this court in rendering judgments on appeal, has discretionary power to allow the costs originating in the court below, as it may deem proper.

COSTS ON APPEAL—POWERS OF SUPREME COURT.—This court has no power to allow costs on appeal.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for petitioner.

*Messrs. Bosch* and *Soto* for adverse party.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By judgment of April 3 last, this court reversed the judgment of the District Court of Humacao adjudging the defendants to pay to the plaintiffs the amount claimed plus costs, and in lieu thereof dismissed the complaint, each party to pay his own costs.

On May 5 last the defendants and appellants filed a motion in this court asking that its decision, so far as the taxation of

costs is concerned, be reconsidered, and that they be allowed to them. This motion was argued by counsel for both parties on the 15th of the said month of May.

The petitioners based their motion on the provisions of sections 300 (should be 330) and 333 of the Code of Civil Procedure.

Section 330 provides that costs shall be allowed in every case to the defendant upon a judgment in his favor in the actions mentioned in section 328, and in special proceedings.

The case here involved comes within those mentioned in subdivision 3 of section 328, inasmuch as it is one for the recovery of an amount exceeding $100.

But in our opinion both sections 328 and 330 have been repealed by the Act of March 12, 1908, to amend sections 327 and 339 of the Code of Civil Procedure.

Section 1 of that statute reads as follows:

"Section 1.—Sections 327 and 339 of the Code of Civil Procedure are hereby amended to read as follows:

" 'Section 327.—Parties to actions or proceedings are entitled to costs and disbursements incurred by them, subject to the rules hereinafter provided. In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services: *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding: *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered.' "

As may be seen, the allowance of attorney's fees and costs in actions or proceedings the amount of which exceeds $500, when the defendant has appeared, is left to the discretion of the judge, whose decision shall be guided by the consideration of the degree of blame, if any, of the party defeated.

And as in accordance with section 306 of the Code of

Civil Procedure, as amended by the Act of March 8, 1906, when the judgment, order, or decree of the lower court is reversed, this court shall proceed to render such judgment, order, or decree as the lower court should have rendered except in the cases expressly provided therein, it follows that in rendering the judgment of April 3, 1911, this court was in the same position as the lower court, and could allow costs as it might see fit within its discretional power.

This court held that the plaintiff company was not to be blamed or charged with either malice or temerity in bringing or maintaining the suit, and for that reason it did not adjudge it to pay the costs originating in the lower court; and as far as the costs on appeal are concerned, we have heretofore held in other decisions that the Supreme Court has no power to tax them. (See *Angel Martínez* v. *Pagán, López & Co.,* decided May 19, 1911, [17 P. R., 582].)

For the above reasons the motion of defendants and appellants, dated May 5 last, should be denied.

*Motion denied.*

Justices Wolf, del Toro, and Aldrey concurred.
Mr. Justice MacLeary dissented.